UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BITX TRANSPORTATION SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-1449-B |
| FORWARD TRANSPORTATION SERVICES, LLC, | § § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff BITX Transportation Services, LLC ("BITX")'s Motion for Default Judgment (Doc. 9). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I.

### BACKGROUND

This is a contract dispute implicating violations of federal leasing regulations. On March 16, 2020, BITX entered into a lease agreement (the "Lease") with Defendant Forward Transportation Services, LLC ("Forward") whereby BITX agreed to lease a truck tractor and trailer to Forward for use in its trucking business. Doc. 1, Compl., ¶ 6. Under the Lease, "Forward agreed to pay BITX 80% of the line haul revenue for each trip ticket using a Forward[-]provided trailer and 85% when" using a BITX-provided trailer. *Id.* ¶ 10. Despite the terms of the Lease, Forward failed to pay BITX the agreed upon rate for thirteen shipments occurring between May and September of 2020, accruing a still-outstanding balance of $15,967. *Id.* ¶¶ 11–12; Doc. 9, Mot. Default J., Ex. 1, Invoice.

On June 18, 2021, BITX filed the instant action against Forward seeking recovery of the balance owed under the Lease. Doc. 1, Compl., ¶ 23. Specifically, BITX alleged claims for breach of contract, breach of fiduciary duty, and violations of federal Truth-in-Leasing regulations.[1] *Id.* ¶¶ 14–22. Forward was served on June 29, 2021. *See* Doc. 4, Return of Summons. To date, Forward has not answered or otherwise made an appearance in this case. On August 3, 2021, BITX requested that the clerk enter default (Doc. 7) and moved for default judgment (Doc. 9). Forward failed to respond to BITX's motion, and the time to do so has passed. Accordingly, the Court now considers the motion for default judgment.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

---

[1] "The Truth-in-Leasing regulations, 49 C.F.R. Part 376, set forth specific requirements for lease agreements between a motor carrier (lessee) and an owner-operator (lessor)." *Carlisle v. Elite Trucking Servs., LLC*, 2017 WL 3653800, at *3 (S.D. Miss. July 6, 2017). By statute, "[o]wner-operators have a private right of action to enforce the Truth-in-Leasing regulations." *Id.* (citing 49 U.S.C. § 14704(a)). This includes "a right to seek damages for injuries 'sustained by a person as a result of an act or omission of [a] carrier or broker in violation'" of the regulations. *Id.* (citing 49 U.S.C. § 14704(a)).

"Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: IFUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) "whether material issues of fact" exist; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly established"; (4) "whether the default was caused by good faith mistake or excusable neglect"; (5) "the harshness of a default judgment"; and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiffs should receive. *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002)). Normally

damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying this three-part analysis, the Court concludes that entry of a default judgment is appropriate as to BITX's federal and state law claims based on Forward's breach of the Lease, but not as to those claims premised on Forward's purported breach of fiduciary duty.

*A.     Entry of Default Judgment is Procedurally Warranted*

After reviewing BITX's motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Forward has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]"). Second, Forward's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [BITX]'s interest." *See Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are "clearly established," as Forward has not responded to the summons and complaint, the entry of default, or the motion over the past three months. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) ("Default judgment is appropriate if defendant[] [is] 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by [the party's] failure to respond either to the summons and complaint,

the entry of default, or the motion for default judgment.'" citation omitted). Fourth, there is no evidence before the Court to indicate that Forward's silence is the result of a "good faith mistake of excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Forward's "complete failure to respond to [BITX]'s Complaint or otherwise appear . . . 'mitigat[es] the harshness of a default judgment.'" *See COG Marketers, Ltd. v. Bohr*, 2021 WL 3721459, at *2 (N.D. Tex. July 6, 2021) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Forward. *See Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *There is a Sufficient Substantive Basis for Judgment in the Pleadings*

In light of the entry of default, Forward is deemed to have admitted the allegations set forth in BITX's Complaint. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for BITX's claim for relief. *Id.* In conducting this analysis, the Fifth Circuit has looked to Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

BITX alleges that Forward violated federal Truth-in-Leasing regulations by breaching the Lease and its fiduciary duty imposed by 49 C.F.R. § 376.12(k). *See* Doc. 1, Compl., ¶¶ 14–22. Because its federal claims are intertwined with its state common law causes of action, the Court analyzes them together in light of Rule 8.

1. Breach of contract

BITX first alleges that Forward violated federal leasing regulations by breaching the Lease. *See* Doc. 1, Compl., ¶¶ 14–18. The Truth-in-Leasing regulations require that written leases of transportation equipment "specify that payment to the lessor shall be made within 15 days after submission of the necessary delivery documents concerning a trip in the service of the authorized carrier." 49 C.F.R. § 376.12(f). Further, § 376.12 provides that all "required lease provisions shall be adhered to and performed by the authorized carrier." *Id.* § 376.12. Here, the Lease does not expressly require that payment be made within the fifteen-day window contemplated by the regulation. *See* Doc. 9, Mot. Default J., Douglas Decl., Ex. 2 at 2. However, it does require that payment be made upon "submission of original bills of lading and other paperwork concerning a trip." *Id.* Ex. 1, Lease Agreement, at 2. Therefore, the Court finds that a successful claim for breach of the Lease by nonpayment would necessarily also establish a violation of 49 C.F.R. § 376.12(f) by Forward's failure to include in the Lease or otherwise abide by the mandatory fifteen-day payment period set by the regulations. Thus, the Court next considers whether BITX has established a breach of the Lease's payment provisions.

To prevail on its breach of contract claim,[2] BITX must show "(1) the existence of a valid contract, (2) performance or tendered performance by [BTIX], (3) breach of the contract by [Forward], and (4) damages sustained by [BITX] as a result of the breach." *See Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Applying the four breach-of-contract elements to this case, the Court finds there is a sufficient basis in the pleadings for judgment on BITX's breach-of-contract claim. First, BITX alleges that the Lease constitutes a contract. *See* Doc. 1, Compl., ¶¶ 6, 18; *see also* Doc. 9, Mot. Default J., Ex. 1, Lease Agreement. Second, BITX alleges that they performed on the Lease by allowing Forward to use its trucking equipment. *See* Doc. 1, Compl., ¶¶ 10–11; Doc. 9, Mot. Default J., Ex. 1, Invoice. Third, BITX alleges that Forward breached the contract by failing to make payments to BITX for thirteen trips taken between May and September 2020. *See* Doc. 1, Compl., ¶¶ 11–12; Doc. 9, Mot. Default J., Ex. 1, Invoice. Fourth, BITX alleges that it suffered damages of $15,967.00 as a result of BITX's breach. *See* Doc. 1, Compl., ¶¶ 12, 23. Thus, because the Court accepts BITX's factual allegations as true, *see Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206, the Court finds that there is a sufficient basis in the pleadings for the requested default judgment on the breach-of-contract claim.

2.   <u>Breach of fiduciary duty</u>

BITX next alleges that "Forward breached its fiduciary duty to BITX" in three ways. Doc. 1, Compl., ¶¶ 19, 21. First, by failing to "return escrow monies to BITX within 45 days of the

---

[2] BITX does not, through its pleadings or otherwise, indicate what state law governs the Lease. *See* Doc. 1, Compl.; Doc. 9, Mot. Default J. Though BITX attaches a copy of the Lease to its motion, *see* Doc. 9, Mot. Default J., Ex. 1, Lease Agreement, the Lease does not contain a choice of law clause and merely indicates that the agreement was between Forward, located in Florida, and BITX, located in Texas. *Id.* Thus, the Court assumes that either Texas or Florida law governs BITX's state law claims. The elements of a breach of contract claim are materially the same in both states. *Compare Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), *with JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co.*, 292 So. 3d 500, 508 (Fla. 2d Dist. Ct. App. 2020). As such, the court proceeds by citation to Texas law without deciding that it applies.

termination of the lease." *Id.* Second, "by not providing BITX an accounting on escrow funds." *Id.* And third, "by not paying BITX interest on escrow monies." *Id.*

The Court notes that each of BITX's allegations are premised on Forward's purported mismanagement of escrow funds. *See id.* However, BITX has failed to show that Forward was required to hold funds in escrow under the Lease. Indeed, the Lease contains no express terms creating escrow funds,[3] *see* Doc. 9, Mot. Default J., Ex. 1, Lease Agreement, and BITX has only sought recovery for amounts owed under the Lease. Although BITX contends that "49 C.F.R. § 376.12(k) creates a statutory trust for the benefit of owner-operators," Doc. 1, Compl., ¶ 20, it ignores that section 376.12(k) applies only where escrow funds *are required by the lease*. 49 C.F.R. § 376.12(k) ("Escrow funds—If escrow funds are required, the lease shall specify. . . ."); *see Goyal v. CSX Intermodal Terminals*, 2018 WL 4649829, at *7 (N.D. Cal. Sept. 25, 2018) ("[T]he . . . [r]egulations do not mandate the use of escrow accounts . . . . [Section] 376.12(k) merely states, 'if escrow funds are required, the lease shall specify' a variety of items.").

Absent evidence showing that the parties agreed that Forward would hold funds in escrow, the Court cannot interpret Forward's outstanding obligations to BITX to be escrow funds for the purposes of establishing a breach of the fiduciary duty created by 49 C.F.R. § 376.12(k). Accordingly, the Court **DENIES** BITX's motion to the extent it seeks separate recovery for breach of fiduciary duty.

---

[3] 49 C.F.R. § 376.2(*l*) defines an "escrow fund" as "[m]oney deposited by the lessor [owner-operator] with either a third party or the lessee to guarantee performance, to repay advances, to cover repair expenses, to handle claims, to handle license and State permit costs, and for any other purposes mutually agreed upon by the lessor and lessee."

C. *Damages*

Having determined that entry of default judgment is proper on BITX's claims stemming from Forward's breach of the Lease, the Court now turns to BITX's requested damages. BITX seeks: (1) actual damages; (2) prejudgment interest; (3) attorney's fees; (4) costs; and (5) postjudgment interest.[4] Doc. 1, Compl., 5; Doc. 9, Mot. Default J., ¶ 3. The Court must now determine whether BITX's motion, along with its attached supporting documentation, is sufficient to allow the Court to award BITX damages.

1. Actual damages

BITX requests $15,967.00 in actual damages. Doc. 9, Mot. Default J., ¶ 3. This request is based on the balance owed by Forward to BITX under the Lease. *Id.*; *see* Doc. 1, Compl., ¶¶ 12–13, 23. In support of its request, BITX provides evidence including the Lease, an affidavit from its managing member, and an invoice calculating the amounts owed to it on the Forward account. *See* Doc. 9, Mot. Default J., Ex. 1. This evidence is sufficient in the Fifth Circuit. *See Can Capital Asset Servicing v. Azket E-Intel. LLC*, 2021 WL 2474159, at *4 (N.D. Tex. June 17, 2021). Therefore, the Court **GRANTS** BITX's request for $15,967.00 in actual damages.

2. Prejudgment interest

BITX next requests $87.25 in prejudgment interest. Doc. 9, Mot. Default J., ¶ 3. However, BITX does not specify the basis in fact or law for its request or provide any explanation or calculation evidencing how it arrived at $87.25 as an appropriate amount of prejudgment interest. *See id.*

---

[4] In its complaint, BITX also sought exemplary damages. *See* Doc. 1, Compl., ¶ 24. However, this request was not included in its motion for default judgment. *See* Doc. 9, Mot. Default J. Consequently, the Court considers the request for exemplary damages abandoned. *See Bank of N.Y. Mellon v. New Century Loan Servicing, LLC*, 2019 WL 4728335, at *5 (E.D. Tex. July 18, 2019).

"When a cause of action arises out of a federal statute, federal law governs the award of prejudgment interest—both as to its allowance and its rate." *Powell v. Penhollow*, 260 F. App'x 683, 691 (5th Cir. 2007) (citing *Carpenters Dist. Council v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994)). The Fifth Circuit has prescribed a "two-step analysis" for determining whether prejudgment interest is recoverable. *See id.* First, courts ask whether "the federal act creating the cause of action preclude[s] an award of prejudgment interest." *Id.* (quoting *Carpenters Dist. Council*, 15 F.3d at 1288). If it does not, courts then consider whether "an award of prejudgment interest would further the congressional policies of the federal act." *Id.*

Here, 49 U.S.C. § 14704, which creates a private right of action for violations of the Truth-in-Leasing regulations, is silent as to the availability of prejudgment interest. *See* 49 U.S.C. § 14704. Thus, the Court proceeds to the second step of the analysis and considers "whether an award of prejudgment interest would further the congressional policies behind" § 14704. *See Powell*, 260 F. App'x at 691. The Court finds that prejudgment interest would serve the congressional purpose of making plaintiffs whole for damages suffered due to violations of Truth-in-Leasing regulations. *See Owner-Operator Indep. Drivers Ass'n v. C.R. Eng., Inc.*, 2013 WL 588893, at *6–7 (D. Utah Feb. 11, 2013). Other federal courts considering claims made under § 14704(a)(1) have similarly found prejudgment interest recoverable. *See id.*; *Farca v. Fleet 1 Logistics, LLC*, 693 F. Supp. 2d 891, 894–95 (E.D. Wisc. 2010).

Having determined that prejudgment interest is available, the Court next considers the appropriate rate at which prejudgment interest should accrue. Notably, BITX's request of $87.25 represents approximately 0.55% of the $15,967.00 that it claims Forward has owed since September 2020. For reference, the average monthly prime rate from September 2020 to October 2021 has

been 3.25%. *See* Federal Reserve, http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt (last visited Oct. 6, 2020). *See generally Faraca*, 693 F. Supp. 2d at 895 (calculating prejudgment interest using the applicable monthly U.S. prime rate). Thus, the Court finds that BITX's request for prejudgment interest is reasonable and therefore **GRANTS** its request for $87.25 in prejudgment interest.

### 3. Attorney's fees

BITX next asks for $6,908.75 in reasonable attorney's fees. Doc. 9, Mot. Default J., ¶ 3. By statute, a plaintiff may recover attorney's fees for a violation of 49 C.F.R. § 376.12.[5] 49 U.S.C. §14704(e) ("The district court shall award a reasonable attorney's fee under this section."); s*ee also Luxama v. Ironbound Express, Inc.*, 2021 WL 1153145, at *11 (D.N.J. Mar. 26, 2021). As discussed above, BTIX has properly established that Forward violated 49 C.F.R. § 376.12 by breaching the Lease and is thus entitled to its reasonable attorney's fees. Therefore, the Court next considers whether BITX's fees request is reasonable.

Courts in the Fifth Circuit "apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). Courts "first calculate the lodestar, 'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.' In calculating the lodestar, '[courts] should exclude all time that is excessive, duplicative, or inadequately documented.'" *Id.* at 392 (citation omitted).

---

[5] BITX would also be entitled to its attorney's fees under Texas law. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) ("A person may recover reasonable attorney's fees . . . if the claims is for . . . an oral or written contract."); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n. 3 (5th Cir. 2000) ("[T]he Texas Supreme Court has declared that attorney's fees under section 38.001 are not discretionary." citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding a fee award granted by default judgment).

"There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). But after calculating the lodestar, courts move to the second step and evaluate the resulting value in relation to "the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012) (per curiam). The *Johnson* factors are: (1) "time and labor required" for the litigation; (2) "novelty and difficulty of the questions" presented; (3) "skill requisite to perform the legal service properly"; (4) "preclusion of other employment"; (5) whether the fee is "customary"; (6) "[w]hether the fee is fixed or contingent"; (7) "[t]ime limitations imposed by the client or the circumstances"; (8) "amount involved and the results obtained"; (9) "experience, reputation, and ability of the attorneys"; (10) "'undesireability' of the case"; (11) "nature and length of the professional relationship with the client"; and (12) "[a]wards in similar cases." 488 F.2d at 717–19, *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Importantly, "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account[.]" *Saizan*, 448 F.3d at 800.

The first step in the lodestar analysis requires the Court to determine the reasonable number of hours expended by the attorneys on the lawsuit, as well as the reasonable hourly rate for the attorneys involved. *See Smith*, 478 F. App'x at 124 (citation omitted). The party requesting fees has the burden of establishing a reasonable hourly rate. *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, 2016 WL 7757267, at *5 (E.D. Tex. Mar. 28, 2016) (citing *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984)). "The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v.*

*RidgeAire, Inc.*, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (quoting *Blum*, 465 U.S. at 896 & n.11).

Here, BITX's attorney, Robert Bezucha, has provided an affidavit and timekeeping record detailing the amount of time spent and work performed in the case. Doc. 9, Mot. Default J., Bezucha Decl. Bezucha avers that he performed 24.15 hours of work at rates ranging from $250 to $325 per hour, for a total fee of $6,908.75. *See id.*

Having reviewed Bezucha's affidavit and the supporting billing records, the Court finds that the time expended was reasonable. Nothing indicates that Bezucha was billing for "excessive, duplicative, or inadequately documented" time. *See Smith*, 478 F. App'x at 124. Accordingly, the Court accepts the 24.15 hours as the reasonable number of hours expended by BITX's attorney.

With respect to the hourly rate, the Court also finds it is reasonable. Bezucha states that his rate is in line with the fees customarily charged by lawyers with similar experience and expertise. Doc. 9, Mot. Default J., Bezucha Decl. In light of his affidavit, as well as the Court's knowledge of rates charged for legal services by attorneys with similar levels of skill, experience, and competence, the Court concludes Bezucha's rates of $250 to $325 per hour are reasonable. *See, e.g.*, *Michaels Stores Procurement Co. v. DMR Constr., Inc.*, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (approving fee rates as high as $675.00 per hour).

Accordingly, the Court concludes the lodestar amount is $6,908.75. Considering the twelve *Johnson* factors described above, the Court does not find it necessary to make any adjustments to this figure. Thus, BITX's request for attorney's fees in the amount of $6,908.75 is **GRANTED**.

4. Costs

BITX also seeks $482.00 in court costs, representing $402.00 in filing fees and an $80.00 Smith County service of process fee. Doc. 9, Mot. Default J., ¶ 3 & Bezucha Decl. Ex. 1.

A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Taxable court costs include, among others, "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). The Court filing fee is clearly taxable as a fee paid to the clerk. *See* 28 U.S.C. § 1920(1). But there is some question as to whether BITX's election to use the Smith County Constable's office, as opposed to the U.S. Marshals Service, as its process server precludes it from recovering its service costs under 28 U.S.C. § 1920.

"The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Child. Med. Ctr. v. New Eng. PPO Plan of Gen. Consol. Mgmt.*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987))). Thus, the Fifth Circuit "has held that costs for private process servers are not recoverable, absent exceptional circumstances."[6] *Zastrow v.*

---

[6] The Court recognizes that there is conflicting authority in this District regarding the extent to which costs for private process servers might be recoverable under § 1920. Some courts in this District "have allowed for recovery of private process server fees in the amount that would have been charged by the U.S. Marshals Service." *Wilmington Tr. v. Martinez*, 2021 WL 2324174, at *4 (N.D. Tex. Apr. 14, 2021); *see Poliner v. Tex. Health Sys.*, 2007 WL 9711573, at *1 (N.D. Tex. Mar. 5, 2007); *see also Gonzales v. Pan Am. Lab'ys, L.L.C.*, 2018 WL 2321896, at *3 (N.D. Tex. May 4, 2018) (awarding private process server fees as costs where the opposing party did not object). Others, however, have held that private process server fees are not generally recoverable. *See Shannon v. Bayside Cap. Servs., LLC*, 2020 WL 10060085, at *5 (N.D. Tex. Nov. 24, 2020); *Goff v. Pert*, 2017 WL 3867768, at *1 (N.D. Tex. May 17, 2017); *Harris v. Dall. Cnty. Hosp., Dist.*, 2016 WL 8674685, at *2–3 (N.D. Tex. Aug. 5, 2016). The Court agrees with the latter courts' interpretation given the Fifth Circuit's repeated, unequivocal instruction that private process server fees are only recoverable in "exceptional circumstances." *See Zastrow*, 695 F. App'x at 780; *Marmillion v. Am. Int'l Ins.*

*Hous. Auto M. Imps. Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (citing *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997)). Here, BITX's service fees are not "fees of the clerk or marshal" under § 1920 and BITX has not argued that exceptional circumstances exist in this case. Thus, BITX's service fees are not taxable as costs.

Therefore, the Court **GRANTS** BITX's request for costs to the extent that it seeks to recover $402.00 for its filing fees but **DENIES** the request as to the remaining $80.00 worth of private process server fees.

### 5. Postjudgment interest

BITX requests postjudgment interest at the statutorily determined rate. Doc. 9, Mot. Default J., ¶ 3. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Simply put, district courts do not have the discretion to deny postjudgment interest on monetary judgments. *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017) (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010)). The Court **GRANTS** BITX's request for postjudgment interest on all damages awarded herein, at the statutory rate,[7] from the entry of the final default judgment until paid.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** BITX's Motion for Default Judgment (Doc. 9) insofar as it seeks entry of a default judgment. Further, the Court **GRANTS IN PART** and

---

Co., 381 F. App'x 421, 431 (5th Cir. 2010); *Cypress–Fairbanks Indep. Sch. Dist.*, 118 F.3d at 257.

[7] Postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

**DENIES IN PART** BITX's requests for relief. The Court grants BITX's request for actual damages in the amount of $15,967.00, attorney's fees in the amount of $6,908.75, prejudgment interest in the amount of $87.25, court costs in the amount of $402.00, for a total recovery of $23,365.00 plus postjudgment interest at the statutory rate. However, the Court denies BITX's request to the extent that it seeks additional recovery for its breach of fiduciary duty claim and to recover private server fees as costs.

**SO ORDERED**.

**SIGNED**: October 27, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE